UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
                                :
                                : CRIMINAL NO. 1:98-CR-170
       v.                       :
                                :
BERNARD SCOTT, JR.,             :
       Defendant                :

*M E M O R A N D U M*

*I.      Introduction*

Before the court is Defendant Bernard Scott Jr.'s motion (Doc. 32) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, we will dismiss the motion, but will issue a certificate of appealability.

*II.     Background*

On September 16, 1998, in accordance with a plea agreement (Doc. 14), Defendant pleaded guilty to one count of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). A Presentence Investigation Report ("PSR"), which calculated Defendant's total offense level in accordance with the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), was submitted on December 18, 1998. Pursuant to U.S.S.G. § 2B3.1 of the guidelines effective November 1, 1998, Defendant's base offense level for the bank robbery was 20. (PSR ¶¶ 11-12). Pursuant to U.S.S.G. § 2B3.1(b)(1) and (2)(C), a seven-level enhancement was applied because the bank robbery involved the property of a financial institution, as well as the brandishing, displaying, or possession of a firearm. (Id. ¶¶ 13-14). Thus, taking into consideration only the § 2B3.1 adjustments, the adjusted offense level was 27. (Id. ¶ 18). However,

because Defendant was designated as a career offender, having committed at least two prior crimes of violence prior to the instant bank robbery, his offense level was raised to 32, pursuant to U.S.S.G. § 4B1.1. (Id. ¶ 22). Finally, because Defendant made various admissions to investigators, provided complete information to the Government concerning his involvement in the bank robbery, and notified authorities of his intention to enter a guilty plea, his offense level was adjusted down three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a); consequently, Defendant's total offense level was 29. (Id. ¶¶ 19-20, 23-24).

In addition to the offense level, the PSR computed a criminal history category for Defendant. Because Defendant, according to the PSR, had fourteen criminal history points, his resulting criminal history category was VI. (Id. ¶ 34). Moreover, Defendant's status as a career offender also placed him in category VI pursuant to U.S.S.G. § 4B1.1. (Id.)

Defendant's total offense level of 29 and criminal history category of VI yielded a Guidelines custody range of 151 to 188 months' imprisonment. (Id. ¶ 51). On January 5, 1999, we adopted the PSR and sentenced Defendant, as a career offender, to 170 months' imprisonment to be followed by three years of supervised release. (Doc. 25 at 2-3).

On June 17, 2016, Defendant filed a motion (Doc. 32) to vacate his sentence under 28 U.S.C. § 2255, arguing that, in the light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer qualifies as a career offender and that his career offender sentence under U.S.S.G. § 4B1.2(a) violates due process of law. Thereafter, on September 29, 2016, the Government filed a motion

(Doc. 38) to stay further proceedings in this matter until the Supreme Court of the United States issued its then-forthcoming decision in the case of Beckles v. United States, which the Government believed would have an impact on the instant matter. On January 9, 2017, we issued an order (Doc. 41) granting the Government's motion to stay the proceedings until the Supreme Court issued its Beckles decision. On March 6, 2017, the Supreme Court issued its decision in Beckles,[1] 137 S. Ct. 886, and Defendant's § 2255 motion is now ripe for review.

*III.        Discussion*

"Title 28 U.S.C. § 2255 establishes a 1-year period of limitation within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." Dodd v. United States, 545 U.S. 353, 354 (2005) (internal quotation marks omitted). The 1-year period of limitation "runs from 'the latest' of a number of events, which are enumerated in [§ 2255(f)(1)-(4)]." Id. Here, Defendant's § 2255 motion is not timely under § 2255(f)(1) because he filed the motion more than one year after his judgment of conviction became final. Moreover, the motion is not timely under § 2255(f)(2) or (f)(4) because Defendant alleges no unlawful governmental action that prevented him from filing, and provides no evidence of newly discovered facts that would affect his sentence. Thus, as Defendant appears to acknowledge, the only avenue for the instant § 2255 motion is § 2255(f)(3), which allows a defendant to file a motion seeking to collaterally attack his sentence within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

---

[1] We discuss the Beckles decision in greater detail below.

3

the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally void for vagueness. 135 S. Ct. at 2563. One year later, in Welch v. United States, the Supreme Court held that Johnson created a new substantive rule of constitutional law that was retroactive to ACCA-residual-clause cases on collateral review. 136 S. Ct. 1257, 1268 (2016). Because the career offender guideline contained an identically worded residual clause, see U.S.S.G. § 4B1.2(a)(2) (2001), Defendant asserts that his sentence under the guideline's residual clause is invalid. Defendant argues that "[a]lthough Johnson addressed the residual clause in the ACCA, the decision also applies to the definition of [a] crime of violence set forth in the sentencing guidelines."[2] (Doc. 68 at 4). The Supreme Court, however, has not yet extended its holding in Johnson to the identically worded residual clause of the career offender guideline.

Recently, in Beckles v. United States, 137 S. Ct. 886 (Mar. 6, 2017), the Supreme Court explained that its decision in Johnson did not extend to the residual clause of the *advisory* career offender guideline. 137 S. Ct. at 890. The Court held that U.S.S.G. § 4B1.2(a)(2) of "the advisory Guidelines [is] not subject to vagueness challenges under the Due Process Clause." Id. Distinguishing its holding in Johnson, the Court in Beckles relied on the distinction between the effect at sentencing of the discretionary nature of the advisory Guidelines and mandatory statutes like the ACCA:

---

[2] The residual clause of U.S.S.G. § 4B1.2(a)(2) was removed in the 2016 amendments to the Guidelines. See United States v. Graves, No. 1:15-CR-158-001, 2016 WL 5934205, at *2 (M.D. Pa. Oct. 12, 2016).

4

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 892.

Defendant's instant motion, however, is not squarely addressed by the Supreme Court's decision in Beckles because Defendant was sentenced pursuant to the *pre*-Booker[3] career offender guideline, when the Guidelines were *mandatory*. Beckles only resolved a void-for-vagueness collateral challenge to a *post*-Booker application of the now-advisory guidelines. In Beckles, by adhering to the "distinction between mandatory and advisory," the Supreme Court "le[ft] open the question [of] whether defendants sentenced to terms of imprisonment before [Booker] . . . may mount vagueness attacks on their sentences." Beckles, 137 S. Ct. at 903 n.3 (Sotomayor, J., concurring in judgment). That issue, which is currently raised by Defendant's § 2255 motion, was "not presented" by Beckles and the Supreme Court took "no position on its appropriate resolution." Id. Accordingly, the Supreme Court in Beckles did not create a newly established right to challenge the vagueness of the pre-Booker mandatory Guidelines under the Due Process Clause.

Following Beckles, it seems clear that the Supreme Court's decisions in "Johnson and Welch did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses." United States v. Ojeda, No. 8:01CR196, 2017 WL 1495981, at *3 (D. Neb. Apr. 26, 2017)

---

[3] United States v. Booker, 543 U.S. 220, 245 (2005) (holding that the Guidelines were "effectively advisory").

5

(citing Johnson, 135 S. Ct. at 2561). Therefore, we find that Defendant's instant § 2255 motion seeks "an extension, not an application, of the rule announced in Johnson." Id. Defendant's motion requires the recognition of "a second new rule that extends Johnson to the [mandatory] sentencing guidelines." Id. (quoting Donnell v. United States, 826 F.3d 1014, 1015 (8th Cir. 2016)). "Section 2255(f)(3), however, requires the recognition of such a rule to 'come from the Supreme Court, not from this [c]ourt.'" Id. (quoting United States v. Mason, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016)).

We find that Defendant asks the court to extend the rule announced in Johnson to § 4B1.2(a)(2) of the pre-Booker mandatory Guidelines. See United States v. Beraldo, No. 3:03-CR-00511-AA, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) ("The right asserted by defendant is the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline. . . . [A]fter Beckles, it is doubtful that right is the same right recognized in Johnson."). Because such an extension of Johnson requires the court to create a new rule, and because the plain language of 28 U.S.C. § 2255(f)(3) reserves the creation of such a rule—or right—to the Supreme Court, Defendant may not rely upon § 2255(f)(3) to make his instant motion timely. Virtually all district courts that have addressed this issue are in agreement, and have either dismissed or denied Johnson-based § 2255 motions that challenge the vagueness of the pre-Booker, mandatory career offender guideline's residual clause. See United States v. Ward, No. 01-CR-40050-01-DDC, 2017 WL 3334644, at *2-3 (D. Kan. Aug. 4, 2017). Therefore, we find that Defendant's § 2255 motion is premature in the sense that the Supreme Court in neither Johnson, Welch, nor Beckles established a new right indicating that the mandatory, pre-

Booker Guidelines are subject to void-for-vagueness challenges under the Due Process Clause. As such, we will dismiss Defendant's motion as time-barred.[4]

We will grant a certificate of appealability, although we recognize that district courts appear divided on whether to grant such a certificate. See, e.g., Ward, 2017 WL 3334644, at *3; Davis v. United States, No. 16-C-747, 2017 WL 3129791, at *7 (E.D. Wis. July 21, 2017); but see Miller v. United States, No. 2:16CV589DAK, 2017 WL 2937949, at *3 (D. Utah July 10, 2017). "Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to 'issue or deny a certificate of appealability when it enters a final order adverse' to the petitioner." Ward, 2017 WL 3334644, at *3. "A court may grant a certificate of appealability . . . only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" Id. (quoting 28 U.S.C. § 2253(c)(2)). "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a [certificate of appealability] should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Here, although the Supreme Court has not announced a new right to challenge the mandatory Guidelines as void for vagueness under the Due Process Clause, we conclude that reasonable jurists could debate whether such a new right exists in light of Johnson and the Supreme Court's distinction in Beckles between the advisory

---

[4] Although we are dismissing Defendant's motion, we do so without prejudice and add that our dismissal does not preclude Defendant from reasserting his claim if the Supreme Court were to announce a new right that the pre-Booker, mandatory Guidelines are subject to void-for-vagueness challenges under the Due Process Clause.

Guidelines and mandatory statutes like the ACCA. This conclusion is buttressed by the Third Circuit's recent decision in Hoffner.

In Hoffner, defendant Thomas Hoffner sought authorization to file a second or successive § 2255 motion invoking Johnson to challenge his sentence that was based on the career-offender residual clause of the pre-Booker mandatory guidelines. See Hoffner, 870 F.3d at 302-03. The Third Circuit granted Hoffner leave to file his successive § 2255 motion, holding that in light of Johnson and Beckles, Hoffner at least made a "prima facie showing" that permitted the filing of a successive habeas corpus petition in the District Court. Id. at 303, 312 (citing 28 U.S.C. § 2244(b)(3)(C)). The court additionally recognized that "[t]he Second, Sixth, Fourth, and Tenth Circuits have all authorized second or successive habeas petitions challenging [the pre-Booker] residual clause in light of Johnson." Id. at 309-10 (citing Vargas v. United States, No. 16-2112, 2017 WL 3699225 (2d Cir. May 8, 2017); In re Patrick, 833 F.3d 584, 589 (6th Cir. 2016); In re Hubbard, 825 F.3d 225, 231 (4th Cir. 2016); In re Encinias, 821 F.3d 1224, 1226 (10th Cir. 2016)). While recognizing that Hoffner had made a "prima facie showing," the court made clear that it was not deciding his petition on the merits and delegated that task to the District Court. Id. at *10 ("We will . . . authorize Hoffner to file a successive habeas corpus petition. It will be for the District Court to determine in the first instance whether his petition has merit.").

Accordingly, we will grant a certificate of appealability on the issue of whether a new right exists to challenge the mandatory Guidelines under the Due Process Clause so as to make Defendant's motion timely under § 2255(f)(3).

*IV.    Conclusion*

In sum, Defendant asks the court to extend the new rule of constitutional law announced in Johnson to the pre-Booker Guidelines. Johnson did not establish such a right, and, after Beckles, the Supreme Court left open the question of whether such a new rule—or right—exists. Because 28 U.S.C. § 2255(f)(3) requires Defendant's motion to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," and because the Supreme Court has not yet established such a new right to challenge the mandatory Guidelines as unconstitutionally vague, we will dismiss Defendant's motion as time-barred. However, we will grant a certificate of appealability. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge